UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO NUNN,

      Plaintiff,                               No. 17-10818

v.                                         District Judge Nancy G. Edmunds
                                             Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

On March 14, 2017, Plaintiff Ricardo Nunn, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He asserts claims of deliberate indifference under the Eighth Amendment based on allegations that Corrections Officers failed to protect him from an assault by a fellow inmate, and that MDOC medical staff failed to properly diagnose and treat injuries to his head. He names the individual MDOC employees and Defendants in both their individual and official capacities, and also names the MDOC itself as a Defendant.

The case has been referred for all pretrial proceedings, including Reports and Recommendations under 18 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I recommend that the Court *sua sponte* dismiss the MDOC for failure to state a claim upon which relief can be granted. I also recommend that the Court dismiss all official capacity claims against the individual Defendants based on Eleventh Amendment immunity.

-1-

## I. FACTS

Plaintiff's claims fall into two categories. First, he alleges that he got into a fight with another inmate, a Mr. Thomas, and the fight was broken up by Corrections Officers, who handcuffed the Plaintiff. He states that as Defendant Scott was helping Thomas to his feet, Thomas kicked Plaintiff, who was lying on the floor, in the head. Plaintiff claims that Defendants Scott and Jordan, another Corrections Officer, allowed Thomas to kick him, and did nothing to protect him from the assault.

Secondly, Plaintiff alleges that he received inadequate medical treatment from MDOC medical personnel, who did not properly diagnose his injuries, who failed to treat his injuries, and who, as the result of their deliberate indifference to his serious medical needs, caused him to endure excruciating pain.

Although Plaintiff names the MDOC as a Defendant, his complaint contains no factual allegations regarding the MDOC, and does not set forth any policy of the MDOC, express or implicit, that resulted in the deprivation of his Eighth Amendment rights. He asserts both individual and official capacity claims against the other Defendants.

## II. STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2)(B)(ii) provides as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(B) the action or appeal–

(ii) fails to state a claim on which relief may be granted.

The question of whether a complaint states a claim on which relief may be granted is answered under the standards underpinning Fed.R.Civ.P. 12(b)(6). In assessing a Rule 12(b)(6) issue, the court accepts the plaintiff's factual allegations as true, and asks

whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

#### A. The MDOC

In *Monell v. Department of Social Services*., 436 U.S. 658, 692 (1978) the Supreme Court specifically held that in a § 1983 action, liability cannot be based on a theory of respondeat superior, or mere supervisory or municipal liability. Corporate or institutional liability may "also be premised on some policy that caused a deprivation of [Plaintiff's] Eighth Amendment rights." *Starcher v. Correctional Medical Services*, 7 Fed.Appx. 459, 465 (6th Cir.2001); *Monell* at 638. A policy need not be formal or written to bring § 1983 into play. It can be found in "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute 'custom or usage' with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)(citations omitted).

In the body of his complaint, Plaintiff has not set forth any facts concerning the MDOC, much less facts that would plausibly suggest an MDOC policy, express or implicit, that would adversely affect his constitutional rights. The MDOC should therefore be dismissed.

#### B. Official Capacity Claims

Claims against defendants in their official capacities, i.e, in their capacity as agents of the state under 42 U.S.C. § 1983, are subject to dismissal on the basis that "[t]he United States Supreme Court has specifically held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso*, 451 F.Supp.2d 889, 902 (E.D. Mich.2006); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Therefore, the official capacity claims against the individual Defendants

should be dismissed.[1]

### IV.    CONCLUSION

For these reasons, I recommend that the Court *sua sponte* dismiss the MDOC with prejudice for failure to state a claim upon which relief can be granted. I also recommend that the Court dismiss all official capacity claims against the individual Defendants based on Eleventh Amendment immunity.[2]

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

---

[1] It is true that "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358–359 (6th Cir.2005); *Ex parte Young,* 209 U.S. 123, 155–56 (1908). In the "prayer for relief" portion of his complaint, Doc. #1, Pg. ID 25, Plaintiff asks for a "preliminary and permanent injunction prohibiting defendants' further violation of plaintiff['s] rights and that Plaintiff is not to be subjected to any type of reprisal by the Defendants and/or their MDOC co-worker staff for Plaintiff bringing this action." However, Plaintiff does not claim that there in fact is an ongoing violation of his rights; indeed, according to his complaint, his facial injuries were eventually treated at McLaren Hospital. Moreover, he has been transferred to the Michigan Reformatory in Ionia, which would moot his claim for injunctive relief in any event. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). *See also McCloy v. Correction Med. Servs*., 2008 WL 2544722, at *2 (E.D. Mich. 2008)("Because plaintiff is no longer subject to the care of the officials who he claims were denying him medical care or were mistreating him, his request for injunctive relief is moot and should be denied.")(Citing *Kensu*). Finally, apart from the fact that retaliation is unlawful regardless of whether an injunction is ordered, the law is also clear that injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir.2003). In short, the "prospective injunctive relief" exception to Eleventh Amendment immunity is not applicable here.

[2] The individual Defendants have not been served. I have by separate order directed the Plaintiff to show cause why his complaint should not be dismissed without prejudice for failure of timely service.

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 2, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 2, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen