UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO NUNN,

    Plaintiff,                         No. 17-10818

v.                                      District Judge Nancy G. Edmunds
                                          Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

    Defendants.
_____/

## ORDER

On June 1, 2018, I ordered Plaintiff to show cause why his complaint should not be dismissed without prejudice for failure to serve Defendants [Doc. #18]. I also provided Plaintiff with the opportunity to provide correct addresses for service on the Defendants, noting that "it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service." *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D. Mass. 1994), citing *Williams v. McLemore*, 10 Fed.Appx. 241, 243 (6th Cir. 2001) and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Before the Court are Plaintiff's Motion to Serve Defendant Michael Henderson [Doc. #20] and his Motions to Serve "Corizon Health, Inc.," and Defendants Dr. Husian, and P.A. Farris [Doc. #21]. (Corizon Health, Inc. is not named as a Defendant). He has provided addresses for service.

If a waiver of service has not been obtained and filed, then service of the summons and complaint is governed generally by Rule 4(e), which provides that service may be effected:

> "(1) pursuant to the law of the state in which the district court is located, or in which service is effected...."

Under Michigan law, specifically M.C.R. 2.105(A)(2), service may be effected as follows:

> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)."

In his motion to serve Defendants Dr. Husian, and P.A. Farris [Doc. #21], Plaintiff lists two addresses: one for non-Defendant Corizon Health, Inc. in McAllen, Texan, and one at the Macomb Correctional Facility. The Macomb Facility, however, has already returned a waiver of service, stating that neither Husian nor Farris are MDOC employees. It appears, then, that Plaintiff has provided the Texas address (presumably the corporate headquarters of Corizon) as the service address. While I have doubts that Husian and Farris can be served at that address, I will refrain from making that assumption at this point, and order service to be attempted.

Therefore, the United States Marshal is directed to mail copies of the summons and complaint to Defendants Henderson, Husian, and Farris, by certified mail, return receipt requested, at the following addresses:

Michael Henderson, DO #11462
Bureau of Health Care Services
P.O. Box 30670
Lansing, MI 48909

Dr. Husian
Corizon Health, Inc.
102 S. Broadway
McAllen, TX 78501

P.A. Farris
Corizon Health, Inc.
102 S. Broadway
McAllen, TX 78501

Under the above terms, Plaintiff's motions to serve Defendants [Doc. #20 and #21] are GRANTED.

As a result of the current government shutdown, U.S. Marshal's personnel responsible for service in IFP cases have been furloughed. This Order is therefore STAYED until relevant funding is restored and the appropriate Marshal's personnel are returned to active status.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 11, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen