UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO NUNN,

       Plaintiff,                            No. 17-10818

v.                                         District Judge nancy G. Edmunds
                                             Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

On March 14, 2017, Plaintiff Ricardo Nunn, then a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He asserts claims of deliberate indifference under the Eighth Amendment based on allegations that Corrections Officers failed to protect him from an assault by a fellow inmate, and that MDOC medical staff failed to properly diagnose and treat injuries to his head. All Defendants have been dismissed except Michael Henderson, Husian, and Farris. I recommend that these three Defendants be DISMISSED WITHOUT PREJUDICE for failure of timely service and failure to provide the Court with valid addresses for Defendants.

## I. FACTS

On June 1, 2018, I ordered Plaintiff to show cause why his complaint should not be dismissed without prejudice for failure to serve Defendants Henderson, Husian, and Farris [Doc. #15]. Following Plaintiff's response [Doc. #17], I entered an order [Doc. #18] giving him the opportunity to provide correct addresses for service on these Defendants, noting that "it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service."

On July 26, 2018, Plaintiff provided addresses at which he said Defendants Henderson, Husian and Farris could be served [Doc. #20 and #21]. Neither Henderson, Husian, nor Farris are employed by the Michigan Department of Corrections. Plaintiff provided a service address for Husian and Farris at: Corizon Health, Inc., 102 S. Broadway, McAllen, TX 78501. Plaintiff provided only a post office box for Defendant Henderson. On January 11, 2019, I entered an order directing the U.S. Marshal to attempt service on these Defendants by certified mail, return receipt requested, although I noted my doubts as to the efficacy of service at these addresses [Doc. #25].

To date, the U.S. Marshal has been unable to serve these Defendants at the addresses provided by the Plaintiff.

## II.   DISCUSSION

Fed.R.Civ.P. 4(m) provides that if a defendant is not timely served, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." On June 1, 2018, I gave the Plaintiff notice, by way of an order to show cause, that Defendants Henderson, Husian, and Farris were subject to dismissal for failure of service. I also gave Plaintiff the opportunity to provide correct addresses for service by the United States Marshal.

Because Plaintiff was granted leave to proceed *in forma pauperis*, the Court ordered service by the United States Marshal. *See* Fed.R.Civ.P. 4(c)(3). But notwithstanding that Marshal's service is ordered, it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service. *Herbert v. Roark*, 2006 WL 1284695, *1 (E.D. Mich. 2006), citing *Williams v. McLemore*, 10 Fed.Appx. 241, 243 (6th Cir. 2001) and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). *See also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)(prison inmate bears the responsibility for providing defendants' proper addresses or Marshal's service). "Courts have upheld the dismissal of a *pro se* prisoner's civil rights complaint, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit against." *Herbert*, at *1

(citing *Jaakola v. Snyder*, 889 F.2d 1087, 1989 WL 137855, *1 (6th Cir. 1989),).

Plaintiff has been given the opportunity to provide correct addresses for service, and has been warned that his failure to do so could result in dismissal. Despite this, he has not provided addresses at which service can be effected. These last three Defendants should therefore be dismissed without prejudice.

### III. CONCLUSION

I recommend that Defendants Henderson, Husian, and Farris be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 28, 2019                     s/R. Steven Whalen
                                                                        R. STEVEN WHALEN
                                                                        UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on October 28, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants October 28, 2019.

                                                                        s/Carolyn M. Ciesla
                                                                        Case Manager for the
                                                                        Honorable R. Steven Whalen